IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
(EASTERN DIVISION)

| | |
|---|---|
| Shenzhen CARKU Technology Co., Ltd., <br><br> Plaintiff, <br><br> v. <br><br> Shenzhen Xinzexing E-commerce Co., Ltd., <br><br> Defendant. | Case No. 1:22-cv-03403 <br><br> Judge Sunil R. Harjani <br><br> Jury Trial Demanded |

## NOTICE OF ORDER INVALIDATING PATENT-IN-SUIT

The Court has ordered the Parties to submit a status report by June 7, 2024. (ECF No. 43.) Plaintiff's counsel has neither withdrawn, nor been replaced at this time. In fact, Plaintiff has seemingly abandoned this case. Defendant's counsel has not received any communication from counsel for Plaintiff regarding the matters in the status report and understands the Court will consider dismissing the case for want of prosecution if Plaintiff fails to provide its input on the joint status report. Should the Court decide to do so, Defendant reserves the right to seek its attorneys' fees.

In the meantime, Defendant provides this Notice regarding a decision in a related proceeding that is relevant to the issues before the Court. In this action, Plaintiff has asserted that Defendant infringes claims 1, 6-14, 16-17, 19-21, 25-28, 30-31, and 33 of U.S. Patent No. 9,643,506 ("the '506 Patent"). (ECF No. 1 ¶¶ 24, 32, 33.) Defendant filed a Petition for *Inter Partes* Review ("IPR") in the U.S. Patent and Trademark Office (the "Patent Office") directed to the '506 Patent on November 21, 2023. (ECF No. 31). In short, the IPR requested that the claims asserted in this case be invalidated.

The Patent Office has now issued an order finding claims 1-3, 6-23, and 25-33 of the '506 Patent invalid. A copy of the Patent Office's decision is submitted herewith. As explained in the decision, the Patent Office found that Plaintiff had abandoned its claim by failing to file mandatory notices or respond to emails from the Patent Office. Similar to this case, Plaintiff simply failed to appear or prosecute its rights, leading to a finding of patent invalidity.

As set forth in the previously-filed status report, the parties had intended to file a joint motion to stay the patent infringement portion of the action based on the pending IPR. (ECF No. 42 at IV.A.) Given that the Patent Office has now ruled all asserted claims invalid, Defendant believes that it would be appropriate for the Court to dismiss, rather than stay, the patent infringement allegations *sua sponte*. *See, e.g., Rogers v. Ameriprise Fin. Servs., Inc.*, No. 07 C 6876, 2008 U.S. Dist. LEXIS 89167, at *5 (N.D. Ill. Nov. 4, 2008) ("[I]t is within the court's discretion to issue an order to stay proceedings *sua sponte*). Should the Court decide not to do so, Defendant intends to move for dismissal at the appropriate time. Because Plaintiff's counsel cannot provide Plaintiff's position on this matter, Defendant is unable to submit any such motion at this time. Defendant reserves all other rights and remedies, including seeking attorneys' fees in connection with any dismissal of this action.

Dated: May 23, 2024

Respectfully submitted,

By: */s/ Brian S. Boerman*
Matthew G. McAndrews
NIRO McANDREWS, LLP
21660 West Field Parkway, Suite 118
Deer Park, Illinois 60010
Tel: (312) 755-8577
E-mail: mmcandrews@niro-mcandrews.com

Brian S. Boerman
(admitted *pro hac vice*)
CO State Bar No. 50834
E-mail: bboerman@sheridanross.com
Angela J. Bubis
(admitted *pro hac vice*)
CO State Bar No. 58144
E-mail: abubis@sheridanross.com
Bart A. Starr
(admitted *pro hac vice*)
CO State Bar No. 50446
E-mail: bstarr@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202-5141
Tel: (303) 863-9700
E-mail: litigation@sheridanross.com

*Attorneys for Defendant Shenzhen Xinzexing E-commerce Co., Ltd.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on May 23, 2024.

>
> */s/ Brian S. Boerman*
> Brian S. Boerman