IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
(EASTERN DIVISION)

| | |
|---|---|
| Shenzhen CARKU Technology Co., Ltd.,<br><br>Plaintiff,<br><br>v.<br><br>Shenzhen Xinzexing E-commerce Co., Ltd.,<br><br>Defendant. | Case No. 1:22-cv-03403<br><br>Judge Sunil R. Harjani<br><br>Jury Trial Demanded |

## STATUS REPORT

Pursuant to the Court's May 3, 2024 Order (ECF No. 43), Defendant Shenzhen Xinzexing E-Commerce Co., Ltd. ("SXE") submits this Status Report. As detailed below, Plaintiff Shenzhen Carku Technology Co., Ltd. ("Carku") is without counsel and did not provide any further input on relevant matters. SXE's positions are set forth in the Joint Initial Status Report (ECF No. 42.)

1. On April 30, 2024, the Parties submitted a Joint Initial Status Report. (ECF No. 42.) Plaintiff Shenzhen Carku Technology Co., Ltd. ("Carku") took no position on the statements in the Initial Status Report.

2. On May 3, 2024, the Court struck the Joint Initial Status Report and ordered the Parties to file a new joint status report by June 7, 2024. (ECF No. 43.) The Court further stated that: "If this occurs again, the Court will consider dismissing the case for want of prosecution."

3. On May 23, 2024, SXE submitted a Notice of Order Invalidating Patent-In-Suit in which it informed the Court that the Asserted Patent in this case has been invalidated by the Patent Trial and Appeal Board of the United States Patent and Trademark Office. (ECF No.

44.) In that Notice, SXE noted that Carku's counsel had not withdrawn or been replaced and that SXE's counsel had not received any communication from counsel for Carku regarding the matters in the status report.

4. On Saturday, June 1, 2024, SXE received a response to a letter it had sent to counsel for Plaintiff on April 25, 2024. (ECF No. 45-2.) In that same email, nearly a month after this Court's order of May 3 instructing counsel to withdraw or provide Carku's position and nearly three months after Mr. Cao was instructed to stop work on this case (ECF No. 45 ¶ 1), counsel for Carku provided a draft of its motion to withdraw and asked for SXE's position.

5. On Wednesday, June 5, 2024, counsel for SXE responded by stating that it would provide its position in the next few days. SXE had and continues to have several concerns with the withdrawal, including the fact that the law firm that filed the Complaint (and thus would be liable for any violation of Rule 11) is withdrawing without providing information about the basis for claims made in the Complaint, that the only remaining option for service is an address in China that leaves SXE unable to serve discovery except through the Hague or similar processes if at all, and that withdrawal of Mr. Cao leaves Carku unrepresented and without any way to act in this case. *See Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984). SXE noted that provision of the test results it had previously sought would alleviate the first of these concerns. Despite Mr. Cao's improper and unnecessary allegations (ECF No. 45),[1] counsel for SXE did not ask Mr. Cao to do anything unethical or questionable; instead, it merely asked Mr. Cao and Carku to reconsider their position to expedite Mr. Cao's withdrawal. Nonetheless, the fact that Mr. Cao and Carku are unwilling to share this information even informally only heightens SXE's concerns with allowing Mr. Cao and his

---

[1] SXE understands and appreciates the position that Mr. Cao has been put in by his client, but Mr. Cao's frustration does not justify the baseless allegations made against SXE's counsel.

2

firm to withdraw before SXE can consider this information. And given SXE's second concern, it will be nearly impossible for SXE to obtain this information through discovery in the near future, meaning that SXE is trapped in a baseless suit without recourse.

6. In that same email, counsel for SXE also asked for Carku's position on the joint status report. Because Mr. Cao waited until shortly before the deadline for filing the status report to seek withdrawal, counsel for SXE was left in the uncomfortable position of being required, by Court order, to file a new joint status report without participation of Carku's counsel. But Mr. Cao did not provide permission either to submit a "joint" status report with his signature where Carku takes no position or to provide a joint status report without Mr. Cao's signature or input. Instead, despite the fact that Mr. Cao remained counsel of record and thus subject to the orders of this Court until his motion for withdrawal was granted, Mr. Cao responded that "we will not get paid for any work performed now, [so] we are unable to help you with the scheduling issues."

7. Nonetheless, in consideration of the Court's order of May 3, 2024, SXE is submitting this status report. SXE attempted but was unable to submit a "joint" status report as ordered by the Court. SXE's position on scheduling issues and other issues pertinent to the required status report has not changed since submission of the original Joint Status Report. (ECF No. 42.)

8. The Court granted Mr. Cao's motion to withdraw earlier today. (ECF No. 46.)

9. In view of these facts, SXE believes it would be appropriate to dismiss this case for want of prosecution. Carku has had almost three months to find replacement counsel since it instructed Mr. Cao to stop all work in March and has been warned about the consequences of failing to participate in this case by Mr. Cao and the Court.

10. SXE further requests that the Court strike Mr. Cao's Motion to Withdraw (ECF No. 45), or at least Paragraphs 16 and 17 of the Motion and Exhibit C thereto (ECF No. 45-3), as these portions of Mr. Cao's motion appear to have been included for no purpose other than attempting to paint SXE's counsel as unethical. Indeed, Mr. Cao's entire argument about counsel's actions is based on one line that Mr. Cao, even with his strained reading, acknowledges "may just be unfortunate phrasing," and Mr. Cao did not find this line sufficiently important to even raise with SXE's counsel before he filed his motion. Mr. Cao's allegations are certainly not relevant to the merits of Mr. Cao's request to withdraw. As other district courts have recognized, "[a]n accusation of fraudulent conduct against another member of the bar is a serious charge." *Nat'l Viatical, Inc. v. Universal Settlements Int'l, Inc.*, No. 1:11-cv-1226, 2012 U.S. Dist. LEXIS 120924, at *3 (W.D. Mich. Aug. 27, 2012). "Launching allegations of fraud against opposing counsel without reasonable inquiry as to their truth is unprofessional and unethical behavior, not to mention offensive and damaging to reputable attorneys." *Id.* The Court therefore should strike the offending paragraphs and exhibit, if not the entire motion ~~with an order for Mr. Cao to refile the motion without the irrelevant and inappropriate material~~. *See, e.g., id.*; *see also Marseet v. Rochester Inst. of Tech.*, No. 20-CV-7096FPG, 2023 U.S. Dist. LEXIS 232738, at *9 (W.D.N.Y. June 28, 2023) (striking motions that included accusations of unethical and unprofessional behavior by opposing counsel); *In re Black Res., LLC v. Blitz Design, Inc.*, No. H-22-732, 2022 U.S. Dist. LEXIS 128903, at *8-9 (S.D. Tex. July 20, 2022) (striking statements and exhibits suggesting that counsel is unethical because "[p]ersonal opinions have no place in the pleadings"; *SEC v. Lauer*, No. 03-80612-CIV-MARRA, 2007 U.S. Dist. LEXIS 37678, at *8 (S.D. Fla. Apr.

30, 2007) (striking letter that accuses attorneys of immoral unethical conduct); Pigford *v. Veneman*, 225 F.R.D. 54, 58 (D.D.C. 2005).

Dated: June 7, 2024

Respectfully submitted,

By: */s/ Brian S. Boerman*
Matthew G. McAndrews
NIRO McANDREWS, LLP
21660 West Field Parkway, Suite 118
Deer Park, Illinois 60010
Tel: (312) 755-8577
E-mail: mmcandrews@niro-mcandrews.com

Brian S. Boerman
(admitted *pro hac vice*)
CO State Bar No. 50834
E-mail: bboerman@sheridanross.com
Angela J. Bubis
(admitted *pro hac vice*)
CO State Bar No. 58144
E-mail: abubis@sheridanross.com
Bart A. Starr
(admitted *pro hac vice*)
CO State Bar No. 50446
E-mail: bstarr@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202-5141
Tel: (303) 863-9700
E-mail: litigation@sheridanross.com

*Attorneys for Defendant Shenzhen Xinzexing E-commerce Co., Ltd.*

**CERTIFICATE OF SERVICE**

      The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on June 7, 2024.

                                                */s/ Brian S. Boerman*
                                                Brian S. Boerman