**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHENZHEN CARKU TECHNOLOGY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> SHENZHEN XINZEXING E-COMMERCE CO., LTD., <br><br> Defendant. | No. 1:22-cv-03403 <br><br> Honorable Sunil R. Harjani <br><br> Jury Trial Demanded |

### SHENZHEN CARKU TECHNOLOGY CO., LTD.'S MOTION TO COMPEL

Pursuant to Fed. R. Civ. P. 37(a), Plaintiff Shenzhen Carku Technology Co., Ltd. ("Carku" or "Plaintiff") move to compel Defendant Shenzhen Xinzexing E-Commerce Co., Ltd. ("SXE" or "Defendant") to:

1. Produce all responsive documents for the six NEXPOW models (KG/G17, G17 S40, Q11, Q12, AP1, and NP2);

2. Produce all responsive documents related to its AVAPOW, NIOPOW, and HOPCREW branded products;

3. Supplement its production of technical documentation for the four NEXPOW products (G17, Q9B, Q10S, and T11F);

4. Make available for inspection all source code that controls the operation of the accused NEXPOW, AVAPOW, NIOPOW, and HOPCREW products;

5. Produce all internal and external communications with manufacturers, distributors, and other third parties regarding the design, development, testing, and marketing of the accused products the accused NEXPOW, AVAPOW, NIOPOW, and HOPCREW products, and its awareness of the asserted patent;

6. Produce complete financial records, including sales, revenue, and pricing records for all accused NEXPOW, AVAPOW, NIOPOW, and HOPCREW products;

7. Produce all documents regarding its corporate structure, ownership, and relationships with manufacturers and distributors of the accused NEXPOW, AVAPOW, NIOPOW, and HOPCREW products;

8. Produce the documents outlined above and make the source code available for inspection within fourteen (14) days from the Court's order; and

9. Supplement its responses to Carku's Interrogatories and Requests for Production.

Carku also requests that the deadline for Carku's Final Infringement Contentions under LPR 3.1(a)(2) be extended from February 12, 2025, to thirty (30) days after SXE completes its document productions ordered by this Court.

In support of this Motion, Plaintiff relies on the Memorandum in Support of the Motion and the Declaration of Wei Yuan, the Exhibits attached thereto, and the pleadings in this case.

### Statement Pursuant to Local Rule 37.2

After consultation by telephone on December 26, 2024, attended by the counsel for Plaintiff and Defendant, and additional correspondence constituting good faith attempts to resolve the disputes addressed herein, the parties were unable to resolve the discovery issues.

Dated: January 7, 2025

        By: */s/ Kevin J. Patariu*
        Kevin J. Patariu, Bar No. 6293528
        KPatariu@perkinscoie.com
        John D. Esterhay (*pro hac vice*)
        JEsterhay@perkinscoie.com
        Wei Yuan (*pro hac vice*)
        WYuan@perkinscoie.com
        PERKINS COIE LLP
        11452 El Camino Real, Ste 300
        San Diego, California 92130-2080
        Telephone: 858.720.5700

        Heath L. Hyatt (*pro hac vice*)
        HHyatt@perkinscoie.com
        PERKINS COIE LLP
        1201 Third Avenue, Suite 4900
        Seattle, Washington 98101-3099
        Telephone: 206.359.8000

        *Attorneys for Plaintiff Shenzhen Carku Technology Co., Ltd.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on January 7, 2025.

        */s/ Kevin J. Patariu*
        Kevin J. Patariu